**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GONZALO HERNANDEZ,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:16-CV-167-D** |
| | ) | **(Consolidated with** |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | **3:16-CV-168-D)** |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow.

**I.    Procedural Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He

challenges his conviction for continuous sexual abuse of a child. *State of Texas v. Gonzalo*

*Hernandez*, No. F-1152654-Y (Crim. Dist. Ct. No. 7, Dallas County, Tex., Jul. 18, 2012).

Petitioner was to forty years in prison. On March 21, 2014, the Fifth District Court of Appeals

affirmed. He filed a petitioner for discretionary review, but later withdrew the petition.

On September 25, 2014, Petitioner filed his first state petition for writ of habeas corpus.

*Ex parte Hernandez*, No. 82,951-01. On April 15, 2015, the Court of Criminal Appeals denied

the petition without written order on the findings of the trial court. On July 24, 2015, Petitioner

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

filed his second state habeas petition.  *Ex parte Hernandez*, No. 82,951-02.  On September 16,

2015, the Court of Criminal Appeals dismissed the petition as successive.

On October 22, 2015, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

He argues: (1) He was compelled to be a witness against himself; and (2) the state courts lacked a

corrective procedure to review his newly discovered evidence.

On August 15, 2016, Respondent filed her answer.  On October 6, 2016, Petitioner filed a

reply.  The Court finds the petition should be denied.

**II.**     <u>**Discussion**</u>

**1.**     **Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the

AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a state court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable
> > application of, clearly established Federal law, as determined by the
> > Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of
> > the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of

habeas corpus if the state court arrives at a conclusion opposite to that reached by the United

States Supreme Court on a question of law or if the state court decides a case differently from the

United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*,

529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may

**<u>Findings, Conclusions and Recommendation</u>**
**<u>of the United States Magistrate Judge -Page 2</u>**

grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.      Procedural Bar**

Petitioner argues his conviction is unlawful because he was compelled to testify against himself when the State offered into evidence a video-tape of his confession. Petitioner raised this claim in his second state habeas petition. That petition was dismissed as a subsequent petition.

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *Id*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

Petitioner argues the claim is not procedurally barred because he is actually innocent, and because he was not aware of the claim until his counsel filed an affidavit responding to his first state habeas petition. In Petitioner's first habeas petition, Petitioner's counsel filed an affidavit stating that although the jury did not believe the complainant, they convicted Petitioner due to his videotaped confession. (Pet. at Page ID 28-29.) Petitioner claims this information that the jurors disbelieved the complainant shows that he is actually innocent and that his videotaped confession was a violation of his Fifth Amendment right not to testify. Petitioner, however, knew of his

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

video-taped confession at the time of trial.  Further, Petitioner has failed to show prejudice because he has failed to show how his counsel's affidavit would have changed the outcome of the trial.  Additionally, to support a claim of actual innocence, the petitioner must show, "as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).  To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.  *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  At trial, the Petitioner's videotape and the complainant's statements were considered by the jury.  The jury found Petitioner guilty.  Petitioner has failed to show it was more likely than not that no reasonable juror would have convicted him in light of this evidence.  His claim is therefore procedurally barred.

**3.      State Habeas Proceeding**

Petitioner argues there is no State procedure for raising a claim of new evidence.  He states he raised his new evidence claim in his second state habeas petition, but the claim was not considered because the petition was determined to be a successive writ.  Petitioner's claims regarding the state habeas process do not state a claim for federal habeas relief.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) ("infirmities in the state habeas process do no constitute grounds for relief in federal court").  Petitioner's claim should be denied.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

4.      **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a

constitutionally protected interest.  Accordingly, the state courts' decision to deny relief is not

contrary to or does not involve an unreasonable application of clearly established federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings.

III.    <u>**Recommendation**</u>

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition

pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing

of the denial of a federal right.

Signed this 2nd  day of February, 2017.




PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

<u>**Findings, Conclusions and Recommendation**</u>
<u>**of the United States Magistrate Judge -Page 5**</u>

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 6**